UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

STEPHEN L RIGHTSELL,

    Plaintiff,

    v.

CARRINGTON MORTGAGE LLC,

    Defendant.

Case No. 3:23-CV-1090-CCB

## OPINION AND ORDER

On December 1, 2023, pro se Plaintiff Stephen L. Rightsell filed a complaint against Defendant Carrington Mortgage Services, LLC ("Carrington"), alleging contractual breach, personal injury, fraud, and statutory claims. Defendant has now moved for summary judgment on all claims.

### BACKGROUND

On March 24, 2016, pro se Plaintiff Stephen L. Rightsell made a mortgage loan of $167,450 on a property in South Bend, Indiana. (ECF 38 at 3). The initial mortgage was made to Van Dyk Mortgage Corporation. (*Id.*). On February 2, 2022, the loan servicing was transferred to Defendant Carrington Mortgage Services, LLC ("Carrington"). (ECF 34 at 19). Several months later, Carrington, by its own admission, errantly posted a $100 payment by Mr. Rightsell to another account. (ECF 33 at 5). As a result of this error, Carrington sent Mr. Rightsell a letter notifying him of a mortgage payment deficit and impending foreclosure action, despite the fact that he was current on his payments.

(ECF 34 at 72). After being sent a letter by Mr. Rightsell's lawyer on June 6, 2022, Carrington corrected the error and notified Mr. Rightsell by July 5, 2022 that his account was not in foreclosure. (ECF 42 at 34, 38; ECF 34 at 27–28). Carrington asserts that it did not charge any late fees and submitted a correction form to credit reporting agencies to remove the loan's late status and report it as current. (ECF 33 at 5). In December 2023, Mr. Rightsell filed a complaint against Carrington. (ECF 2). His filings appear to state four claims: (1) that Carrington breached the mortgage contract with Mr. Rightsell; (2) that Carrington's breach caused Mr. Rightsell physical injury; (3) that Carrington acted fraudulently; and (4) that Carrington violated the Fair Debt Collection Act in its interactions with Mr. Rightsell. Carrington removed the suit to federal court on December 20, 2023, and has now moved for summary judgment on Mr. Rightsell's claims. (ECF 1; 33).

## ANALYSIS

Carrington has moved for summary judgment. Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

2

To determine whether a genuine dispute of material fact exists, the court must review the record, construing all facts in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). The court does not "sift through the evidence, pondering the nuances and inconsistencies, and decide whom to believe." *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). Not does the court conduct research or develop arguments for parties. *Nelson v. Napolitano*, 657 F.3d 586, 590 (7th Cir. 2011); *see also United States v. Beavers*, 756 F.3d 1044, 1059 (7th Cir. 2014) ("Perfunctory, undeveloped arguments without discussion or citation to pertinent legal authority are waived.").

"To defeat a motion for summary judgment, the non-moving party cannot rest on the mere allegations or denials contained in his pleadings, but must present sufficient evidence to show the existence of each element of its case on which it will bear the burden at trial." *Robin v. Espo Eng'g Corp.*, 200 F.3d 1081, 1088 (7th Cir. 2000) (internal quotations omitted), *overruled on other grounds by Ortiz v. Werner Enters., Inc.*, 834 F.3d 760 (7th Cir. 2016). "Summary judgment is not a dress rehearsal or practice run; it is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) (quotations omitted); *see also Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Mr. Rightsell is proceeding pro se. When evaluating pro se pleadings, the Court is obligated to construe them liberally. *See Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d

3

807, 811 (7th Cir. 2017). "The essence of liberal construction is to give a pro se plaintiff a break when, although he stumbles on a technicality, his pleading is otherwise understandable." *Greer v. Bd. Of Educ. of Chicago*, 267 F.3d 723, 727 (7th Cir. 2001) (quoting *Hudson v. McHugh*, 148 F.3d 859, 864 (7th Cir. 1998)). So, "[a]lthough civil litigants who represent themselves . . . benefit from various procedural protections not otherwise afforded to the attorney-represented litigant . . . pro se litigants are not entitled to a general dispensation from the rules of procedure." *Downs v. Westphal*, 78 F.3d 1252, 1257 (7th Cir. 1996) (citation omitted). The Court "still holds Plaintiff to the same substantive standards as other civil litigants when it considers [a] motion." *Palmer v. Katona*, 2021 WL 4439758, at *2 (N. D. Ind. 2021) (quoting *Runnels v. Armstrong World Indus., Inc.*, 105 F. Supp. 2d 914, 918 (C.D. Ill. 2000)). And even when construing filings liberally, the Seventh Circuit has "long refused to consider arguments that were not presented to the district court in response to summary judgment motions." *Laborers' Int'l Union of N. Am. v. Caruso*, 197 F.3d 1195, 1197 (7th Cir. 1999).

## ANALYSIS

### 1. Breach of Contract

Under Indiana law, the elements for a breach of contract claim are: (1) a valid and binding contract; (2) performance by the complaining party; (3) non-performance or defective performance by the defendant; and (4) damages arising from defendant's breach. *Strong v. Com. Carpet Co.*, 322 N.E.2d 387, 391 (Ind. Ct. App. 1975).

Here, Mr. Rightsell appears to allege two breaches: (1) that Carrington failed to notify him of its status as his new servicer, and (2) that Carrington misapplied his mortgage payments. (ECF 2 at 1–4).

There appears to have been a valid contract between Carrington and Rightsell at all relevant times. (ECF 38 at 3). And Carrington admits that it misapplied Mr. Rightsell's payment (ECF 33 at 5). But Carrington also provides evidence that it cured the error when notified by Mr. Rightsell (ECF 34 at 27). Carrington has also provided evidence that it notified Mr. Rightsell when it took over his mortgage. (ECF 34 at 19). In any case, there is no evidence that Mr. Rightsell suffered financial harm. Mr. Rightsell also alleges physical harms caused by stress. (ECF 2 at 3). But in a contracts action, the plaintiff can only recover financial damages directly resulting from the contractual breach, not physical harm. *See Greg Allen Constr. Co. v. Estelle*, 798 N.E.2d 171, 173 (Ind. 2003). Mr. Rightsell has not created any genuine issue of material fact as to whether he was financially harmed by Carrington's breach. Thus, his claim fails. *See Strong*, 322 N.E.2d 387 at 391; *Anderson*, 477 U.S. at 248.

### 2. Personal Injury

Under Indiana law, a party cannot recover personal injuries in a contracts claim. *See Estelle*, 798 N.E.2d at 173 (noting that "[t]o the extent that a plaintiff's interests have been invaded beyond mere failure to fulfill contractual obligations" the remedy is in tort rather than contract). Thus, to succeed on a personal injury claim, Mr. Rightsell must show that Carrington's actions constituted an independent tort. *See id.* In Indiana,

the elements of a personal injury tort are (1) that the defendant owed the plaintiff a duty; (2) that the defendant breached that duty; and (3) that the breach caused injury to the plaintiff. *Webb v. Jarvis*, 575 N.E.2d 992, 995 (Ind. 1991). Here, Mr. Carrington fails to show that there was anything other than a contractual duty owed by Carrington, or how any of Carrington's actions proximately caused his injuries.

Moreover, even if Carrington did breach a duty, Mr. Rightsell fails to show evidence indicating proximate cause. He states in his complaint that he experienced a heart attack and increased stress as a result of Carrington's actions. (ECF 2 at 3). But he does not provide any evidence that he experienced a heart attack, or that the other medical conditions listed in his medical reports did not exist prior to his interactions with Carrington, or that the conditions were proximately caused by Carrington's actions. He does attach screenshots from various websites and search engines that generally discuss how stress can have a negative medical effect. (ECF 12-1; 20-1; 42). But screenshots from informational websites and Google are insufficient to prove a concrete injury, let alone show that Mr. Rightsell's medical conditions were caused by Carrington's actions. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 334 (2016); *Fifth Third Bank v. CSX Corp.*, 306 F. Supp. 2d 841, 853 (N.D. Ind. 2004). Thus, Mr. Rightsell's personal injury claim fails on several levels — duty, injury, and causation.

### 3. Fraud

Mr. Rightsell also alleges that Carrington's activities were fraudulent. In Indiana, to succeed on a common-law fraud claim, a plaintiff must show (1) a material

6

misrepresentation of past or existing fact that (2) was untrue, (3) was made with knowledge of or in reckless ignorance of its falsity, (4) was made with the intent to deceive, (5) was rightfully relied upon by the complaining party, and (6) proximately caused the injury or damage complained of. *Lawyers Title Ins. v. Pokraka*, 595 N.E.2d 244 (Ind. 1992).

Mr. Rightsell's fraud claim fails. He does not even allege some elements, such as that Carrington knowingly made a deceptive representation. And like in his other claims, Mr. Rightsell fails to provide evidence that Carrington's actions caused him injury.

### 4. FDCA

Parts of Mr. Rightsell's filings also indicate that he is making a claim under the Fair Debt Collection Act (FDCA), 15 U.S.C. § 1692 et seq. (ECF 2 at 1).[1] However, he does not provide any arguments to support this claim or identify the precise way in which Carrington violated the Act. In any case, claims brought under the FDCA would be time-barred because his complaint was filed well over a year since any of the events in this case. 15 U.SD.C. § 1692k(d).

**CONCLUSION**

Mr. Rightsell has failed to provide sufficient evidence supporting the elements of his claims, and Carrington has provided evidence rebutting those claims. Thus, there is

---

[1] Mr. Rightsell does not extensively discuss this claim, but it is listed in the caption of his complaint. (ECF 2 at 1). Thus, reading his pro se pleadings liberally, the Court understands Mr. Rightsell to have made a claim under the FDCA.

7

no dispute as to any material fact, and Carrington is entitled to judgment as a matter of law. The Court **DISMISSES** Mr. Rightsell's claims. (ECF 33). Accordingly, ECFs 38, 52, and 53 are **DISMISSED** as **MOOT**.[2] The Clerk is **DIRECTED** to close this case.

SO ORDERED on March 6, 2026.

/s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT

---

[2] Besides his submissions related to Carrington's motion for summary judgment (ECF 33), Mr. Rightsell has made several other filings, including a motion for a directed verdict (ECF 38), a "Response" to the Court's prior order striking other miscellaneous filings (ECF 52), and a "motion to hear evidence" (ECF 53). These motions are mooted due to the Court's summary judgment ruling in favor of Carrington.