UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| STEPHEN L RIGHTSELL,<br><br>Plaintiff,<br><br>v.<br><br>CARRINGTON MORTGAGE LLC,<br><br>Defendant. | Case No. 3:23-CV-1090-CCB |

**OPINION AND ORDER**

Before the Court is a Motion to Proceed as Next Friend (ECF 56) filed by Plaintiff Stephen L. Rightsell's son, as well as a Motion for Sanctions and Correction of Record (ECF 57) and a Motion to Alter or Amend Judgment (ECF 58) filed by Mr. Rightsell. For the reasons below, the motions are denied.

## I. RELEVANT BACKGROUND

Mr. Rightsell, proceeding *pro se*, commenced this action against Defendant Carrington Mortgage Services, LLC ("Carrington") asserting claims arising out of the servicing of his March 24, 2016, residential mortgage loan, including a claim that stress from Carrington's servicing conduct caused him to suffer personal injuries. (ECF 2). Carrington removed the case to this Court on December 20, 2023. (ECF 1).

On April 7, 2025, Carrington moved for summary judgment. (ECF 33). On June 10, 2025, Mr. Rightsell filed his response in opposition (ECF 42), followed two days later by a supplemental filing titled "Rebbuttle with Exibit & Wittness Issues" (ECF 43). Carrington did not file a reply. On March 6, 2026, the Court granted Carrington's

motion for summary judgment on all claims. (ECF 54). The Clerk entered final judgment in Carrington's favor on March 9, 2026. (ECF 55).

Two days later, on March 11, 2026, Mr. Rightsell's son, Wayne, filed a Motion to Proceed as Next Friend on his father's behalf. (ECF 56). On April 1, 2026, a Motion for Sanctions and Correction of Record (ECF 57) and a Motion to Alter or Amend Judgment under Federal Rule of Civil Procedure 59(e) (ECF 58) were filed in Mr. Rightsell's name.[1] Carrington filed responses in opposition to the post-judgment motions on April 15, 2026. (ECF 60, 61).

## II. Analysis

The Court begins with the motion to proceed as next friend. As both April 1, 2026 motions challenge the summary judgment order under Rule 59(e), the Court next addresses those arguments together before turning to the request for sanctions.

### A. Motion to Proceed as Next Friend

Mr. Rightsell's son requests leave to appear as next friend *pro se* to continue proceedings on his father's behalf. (ECF 56 at 2–3). The motion asserts that Mr. Rightsell suffered multiple strokes and a heart attack and is "currently incapacitated due to multiple strokes, partial deafness, and cognitive impairment," rendering him "unable to read, hear, or direct this active federal case." (*Id.* at 3). In support, he attaches the Home

---

[1] Although the March 11, 2026 motion represents that Mr. Rightsell is incapacitated (ECF 56 at 3), both April 1, 2026 motions end with his typed name and bear his handwritten name at the top of the first page. (ECF 57; ECF 58). Under Federal Rule of Civil Procedure 11(a) and 28 U.S.C. § 1654, every motion by an unrepresented party must be signed by that party. Thus, Mr. Rightsell's son cannot sign or file motions on his father's behalf. The Court need not determine whether Mr. Rightsell prepared and submitted the April 1, 2026 filings, however, because both motions fail on the merits.

Discharge Instructions from Mr. Rightsell's January 20 to January 23, 2026 hospitalization. (*Id.* at 4).

Mr. Rightsell's son cannot proceed *pro se* on his behalf. Under 28 U.S.C. § 1654, parties in federal court "may plead and conduct their own cases personally or by counsel." It does not allow a non-lawyer to represent another person in federal court. *See Navin v. Park Ridge Sch. Dist. 64*, 270 F.3d 1147, 1149 (7th Cir. 2001). Therefore, even where Federal Rule of Civil Procedure 17(c)(2) permits a next friend or guardian to sue on behalf of an incompetent person, all motions must be brought by a licensed attorney. *Elustra v. Mineo*, 595 F.3d 699, 704–06 (7th Cir. 2010). In the nearly eight months since this motion was filed, no licensed attorney has entered an appearance on behalf of Mr. Rightsell or his son. The request to appear as next friend *pro se* is thus barred as a matter of law.

**B. Motion to Alter or Amend the Judgment**

Relief under Rule 59(e) is an "extraordinary" remedy "reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008) (citing *Dickerson v. Bd. of Educ. of Ford Heights, Ill.*, 32 F.3d 1114, 1116 (7th Cir. 1994)). "To prevail on a Rule 59(e) motion to amend judgment, a party must 'clearly establish' (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012) (quoting *Harrington v. City of Chi.*, 433 F.3d 542, 546 (7th Cir. 2006)). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'"

*Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). Rule 59(e) "does not provide a vehicle for a party to undo its own procedural failures . . . [or] to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013).

Across his two motions, Mr. Rightsell asks the Court to amend its summary judgment order to correct two background facts and to vacate the judgment on his personal injury claim. The Court addresses the background facts first and the personal injury claim second.

**1. Loan Origination Amount and $25.08 Charge**

Mr. Rightsell seeks to amend two factual statements in the background section of the March 6, 2026 Opinion and Order, neither of which warrants relief under Rule 59(e). *See Cincinnati Life*, 722 F.3d at 954. First, he points out that the background section of the Court's opinion stated an original mortgage balance of $167,450 (ECF 54 at 1), which was drawn from Carrington's summary judgment brief (ECF 33 at 2). Carrington acknowledges that the $167,450 figure was a typographical error in its brief. (ECF 61 at 2). Indeed, the original principal loan balance was $96,224, as reflected in the March 24, 2016 promissory note. (ECF 34 at 5). Yet none of the claims at summary judgment turned on the original loan amount, so that background figure had no bearing on the outcome.

Second, Mr. Rightsell challenges the statement that "Carrington asserts that it did not charge any late fees." (ECF 54 at 2). In support, he points to a June 2023 billing

statement reflecting $25.08 in fees or charges paid in 2023. (ECF 57-1 at 7). The Loan History Statement reflects a late-charge balance of "($25.08)" between August 8, 2022, and January 5, 2023, which was offset by a $25.08 transaction on January 6, 2023, leaving a $0.00 balance from then on. (ECF 34 at 84–85). Even assuming Carrington charged and collected a $25.08 late fee during that period, that disputed fact is immaterial. The Court merely recited Carrington's assertions as background and never relied on the absence of a late fee to resolve any claim. Accordingly, neither the existence of a $25.08 fee nor the error on the original loan amount supports relief under Rule 59(e).

**2. Personal Injury Claim and Post-Judgment Discovery**

Mr. Rightsell next asks the Court to vacate the judgment on his personal injury claim and authorize post-judgment discovery. He argues that stress from Carrington's mortgage servicing aggravated his pre-existing cardiovascular conditions and caused a heart attack and stroke. (ECF 57 at 2). At summary judgment, the Court held that Carrington owed Mr. Rightsell no duty outside the mortgage contract and that Mr. Rightsell failed to establish proximate causation. (ECF 54 at 5–6). To obtain relief under Rule 59(e), he must establish a manifest error of law or fact or present newly discovered evidence as to both holdings.

First, Mr. Rightsell demonstrates no error in the Court's holding that Carrington owed him no duty outside the mortgage contract. Under Indiana law, a plaintiff cannot recover personal injury damages for a breach of contract unless the defendant's conduct constituted an independent tort. *Greg Allen Constr. Co. v. Estelle*, 798 N.E.2d 171, 173–75 (Ind. 2003). In Indiana, a personal injury claim requires a duty owed by the defendant to

the plaintiff, a breach of that duty, and an injury proximately caused by the breach. *Webb v. Jarvis*, 575 N.E.2d 992, 995 (Ind. 1991). Rather than addressing duty as to his personal injury claim, Mr. Rightsell cites *Cullison v. Medley*, 570 N.E.2d 27 (Ind. 1991), to invoke the tort of intentional infliction of emotional distress for the first time. (ECF 58 at 3). A party cannot use Rule 59(e) to raise a new legal theory after judgment has been entered. *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996). Without an independent duty in tort, Mr. Rightsell's personal injury claim fails regardless of his causation arguments.

Second, even if Carrington owed such a duty, Mr. Rightsell presents no manifest error or newly discovered evidence altering the Court's conclusion on proximate causation. In its March 6, 2026 Opinion, the Court noted that Mr. Rightsell provided no evidence that he experienced a heart attack, and further held that he provided no evidence that the conditions listed in his medical reports "were proximately caused by Carrington's actions." (ECF 54 at 6). Upon review, the Court notes that two days after filing his summary judgment response (ECF 42), Mr. Rightsell submitted a separate filing that included an October 2022 cardiology note referencing a non-ST elevated myocardial infarction ("NSTEMI"). (ECF 43 at 6). In addition, his post-judgment motions attach a January 2026 hospital discharge record listing an admission for stroke and a transient ischemic attack. (ECF 56 at 4; ECF 57-1 at 4; ECF 58-1 at 4). Neither record states what caused his acute cardiac or neurological events. Indeed, both records also document preexisting cardiovascular risk factors that suggest an alternative explanation for causation not involving Carrington.

Under Indiana law, the "causal connection between a permanent condition, an injury and a pre-existing affliction or condition is a complicated medical question" that is "not within the understanding of a lay person," so "testimony of an expert witness on the issue is necessary." *Spinnenweber v. Laducer*, 983 F.3d 301, 305 (7th Cir. 2020) (quoting *Daub v. Daub*, 629 N.E.2d 873, 877–78 (Ind. Ct. App. 1994)). Neither the October 2022 cardiology note nor the January 2026 discharge record contains any medical opinion attributing Mr. Rightsell's NSTEMI, stroke, or transient ischemic attack to Carrington's mortgage servicing conduct.

The remaining authorities and documents Mr. Rightsell offers fail to overcome this lack of causation evidence. The "eggshell skull" rule he references holds a defendant "liable to the extent that their conduct aggravates a pre-existing condition," not for damages independently resulting from the preexisting condition. *Renner v. Shepard-Bazant*, 172 N.E.3d 1208, 1217 (Ind. 2021) (citing *Dunn v. Cadiente*, 516 N.E.2d 52, 56 (Ind. 1987)). It therefore does not relieve a plaintiff of the burden of proving that the defendant's conduct caused or aggravated that condition. The out-of-circuit decisions Mr. Rightsell cites are not binding on this Court, and thus not controlling precedent for purposes of Rule 59(e). Even if these cases were binding, they do not address tort causation. *See In re Sundquist*, 566 B.R. 563 (Bankr. E.D. Cal. 2017) (addressing statutory damages under the Bankruptcy Code); *Marchisio v. Carrington Mortg. Services, LLC*, 919 F.3d 1288 (11th Cir. 2019) (addressing statutory damages under the Fair Credit Reporting Act). Nor do the 2022 administrative consent order and the medical journal

excerpts he attaches show what caused his specific injuries. *See Spinnenweber*, 983 F.3d at 305; *Cincinnati Life*, 722 F.3d at 954.

Finally, Mr. Rightsell's requests for post-judgment discovery of servicing records and for Rule 45 subpoenas to Walmart Pharmacy and Beacon Health System are unavailing. (ECF 58 at 4–5). Discovery is closed. Obtaining additional servicing, treatment, or medication records would cure neither the absence of a duty nor the lack of expert medical evidence on causation.

**C. Motion for Sanctions**

Mr. Rightsell also asks the Court to sanction Carrington's counsel under Indiana Rules of Professional Conduct 3.1 and 3.3, alleging that counsel knowingly misrepresented the $167,450 loan origination figure and the absence of late fees and ignored evidence of his heart attack in their summary judgment briefing. (ECF 57 at 2–4). Although this Court has adopted the Indiana Rules of Professional Conduct, N.D. Ind. L.R. 83-5(e), those rules are disciplinary standards and are not designed to be invoked as "procedural weapons" in civil litigation. Ind. R. Prof. Conduct, Preamble ¶ 20. Construing Mr. Rightsell's filing liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Court evaluates his request under the substantive standard of Indiana Rule of Professional Conduct 3.3(a)(1). In addition, the Court considers the three primary sources of authority district courts rely on to sanction litigation misconduct in briefs and motions—Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, and the Court's inherent authority. *See Perez-Castillo v. Blanche*, 177 F.4th 837, 846 (7th Cir. 2026).

Sanctions are unwarranted under each of these standards. First, to the extent Mr. Rightsell seeks sanctions under Rule 11, nothing in the record confirms that he complied with Rule 11(c)(2)'s mandatory safe-harbor requirement by serving the motion on Carrington at least twenty-one days before filing it. *See* Fed. R. Civ. P. 11(c)(2); *Matrix IV, Inc. v. Am. Nat'l Bank & Tr. Co. of Chi.*, 649 F.3d 539, 552 (7th Cir. 2011). Second, sanctions under § 1927 or the Court's inherent authority require evidence of bad faith, vexatiousness, or reckless indifference to the law, not just negligence. *See* *Dal Pozzo v. Basic Mach. Co.*, 463 F.3d 609, 614 (7th Cir. 2006); *Trade Well Int'l v. United Cent. Bank*, 778 F.3d 620, 627 (7th Cir. 2015). Similarly, Indiana Rule of Professional Conduct 3.3(a)(1) prohibits an attorney from "knowingly mak[ing] a false statement of fact or law to a tribunal or fail[ing] to correct a false statement of material fact or law previously made to the tribunal by the lawyer." Ind. R. Prof. Conduct 3.3(a)(1).

None of the conduct Mr. Rightsell identifies meets that threshold. Counsel's reference to a $167,450 loan origination balance in the background section of the summary judgment brief was an inadvertent typographical error on an immaterial point. It was not a knowing falsehood. Counsel's statement that Carrington charged no late fees reflects, at worst, a disputed reading of the $25.08 ledger entry rather than misconduct or bad faith. Finally, counsel could not have ignored the October 2022 cardiology note in filing Carrington's April 7, 2025 summary judgment brief (ECF 33), as Mr. Rightsell did not file that note until more than two months later on June 12, 2025 (ECF 43 at 6), and Defendant filed no reply. In addition, challenging whether Mr. Rightsell's medical records established proximate causation is a legal argument on the

sufficiency of the evidence, not a false statement of fact. Accordingly, the request for sanctions is denied.

## III. CONCLUSION

For these reasons, the Motion to Proceed as Next Friend (ECF 56), Motion for Sanctions and Correction of Record (ECF 57), and Motion to Alter or Amend Judgment (ECF 58) are **DENIED**.

SO ORDERED on November 9, 2026.

/s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT